NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NICHOLAS P., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, S.P., *Appellees*. [1]

No. 1 CA-JV 15-0286
FILED 1-21-2016

Appeal from the Superior Court in Maricopa County
No. JD22821
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Laura J. Huff
*Counsel for Appellees*

---

[1] The caption has been amended to safeguard the child's identity pursuant
to Administrative Order 2013-0001.

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

¶1 Nicholas P. (Father) appeals the superior court's order terminating his parental rights to S.P., arguing the order failed to consider his anticipated early release date from prison, focusing instead on his maximum release date. Because Father has shown no reversible error, the order is affirmed.

## FACTS[2] AND PROCEDURAL HISTORY

¶2 Father was sentenced to three years in prison in the first half of 2013. S.P. was born in late September 2013. Father was in prison continuously from S.P.'s birth through the superior court's order terminating his parental rights.

¶3 The Department of Child Safety (DCS) took S.P. into custody and filed a dependency petition in October 2013, alleging incarceration as to Father and substance abuse and an open dependency for other children as to S.P.'s Mother. Later that month, S.P. was found dependent as to both parents. Mother's parental rights to S.P. were terminated and she is not a party to this appeal. By June 2014, S.P. was placed with her maternal grandparents, with whom she has lived and thrived ever since.

¶4 Father talked with Mother (and the infant S.P.) on the phone almost every day from December 2013 to June 2014. After S.P. was placed with grandparents, Father sent some letters and cards to S.P. and unsuccessfully attempted to call S.P.

¶5 In September 2014, over Father's objection, the superior court changed the case plan to severance and adoption. DCS' motion to terminate

---

[2] This court views the evidence in a light most favorable to sustaining the superior court's findings. *See Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 207 ¶ 2 (App. 2008).

alleged Father's felony prison sentence was "of such length that the child will be deprived of a normal home for a period of years." *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(4) (2016).[3]

**¶6** The severance adjudication occurred in August 2015, nearly two years after S.P. was taken into care. Father testified that he was sentenced to three years in prison before S.P.'s birth, with an early-release date of September 29, 2015 and a maximum-release date of December 28, 2015. The court heard evidence of Father's prior prison time (7.5 years imposed in 2001) and that, while in prison for the three year term, he tested positive for marijuana use, even while taking substance abuse classes. Father admitted that he did not have a normal parent-child relationship with S.P. and would likely be living in a half-way house when released from prison. Father also testified he had been sober for six months and was willing to engage in all services required of him to keep his parenting rights. S.P.'s case manager testified that S.P. had been living with her maternal grandparents for more than a year and had bonded with her grandparents and older siblings, who are also placed with her grandparents but are not part of this appeal.

**¶7** After considering the evidence and argument, the superior court found DCS met its evidentiary burden and granted the motion to terminate. This court has jurisdiction over Father's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) sections 8-235, 12-120.21(A)(1) and 12-2101(A)(10) and Arizona Rules of Procedure for the Juvenile Court 103-04.

## DISCUSSION

### I. The Superior Court Did Not Err In Terminating Father's Parental Rights.

**¶8** As applicable here, to terminate parental rights, a court must find by clear and convincing evidence that at least one statutory ground articulated in A.R.S. § 8–533(B) has been proven and must find by a preponderance of the evidence that termination is in the best interests of the child. *See Kent K. v. Bobby M.,* 210 Ariz. 279, 288 ¶ 41 (2005); *Michael J. v. Ariz. Dep't of Econ. Sec.,* 196 Ariz. 246, 249 ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," this court will affirm an order terminating parental rights so long as it is supported by reasonable

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

evidence. *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93 ¶ 18 (App. 2009) (citation omitted).

¶9          DCS was required to prove Father was "deprived of civil liberties due to the conviction of a felony" and Father's sentence "is of such length that the child will be deprived of a normal home for a period of years." A.R.S. § 8-533(B)(4). Father argues that, because the minute entry granting termination states "[t]he possibility of earlier release [from incarceration] is not a factor to consider," "the termination order is predicated upon an incorrect statutory interpretation" and must be reversed.

¶10          When considering a motion to terminate based on length of felony sentence, the superior court

> should consider all relevant factors, including, but not limited to: (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

*Michael J.*, 196 Ariz. at 251-52 ¶ 29. The superior court expressly enumerated, weighed and considered these factors based on the evidence presented and, after doing so, granted severance.

¶11          Although the "anticipated release date is a relevant factor in determining whether a child will be deprived of a normal home for a period of years," *Arizona Dep't of Economic Security v. Rocky J.*, 234 Ariz. 437, 441 ¶ 16 (App. 2014), Father has not shown the superior court erred by considering his maximum release date, *see Arizona Dep't of Economic Security v. Matthew L.*, 223 Ariz. 547, 550 ¶ 15 (App. 2010) ("[a]s long as the juvenile court considers the length of sentence, we find no error for it to also consider the anticipated release date"); *Rocky J.*, 234 Ariz. at 441 ¶ 17 ("nothing shows that the [superior] court failed to appreciate the original length of the sentence or the maximum release date").

¶12      In applying the *Michael J.* factors and assessing the length of Father's prison sentence, the superior court correctly considered his anticipated release date: "Father's current release date is September 29, 2015 and has been delayed due to infractions by Father while incarcerated. His maximum release date is late December, 2015." This express statement leaves no doubt that the court considered as a factor Father's actual release date as well as his maximum release date. Accordingly, and notwithstanding the earlier statement in the minute entry, Father has not shown the court failed to properly consider both his maximum release and anticipated release dates.[4]

### CONCLUSION

¶13      The superior court's order terminating Father's parental rights to S.P. is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[4] Although not challenged by Father on appeal, the superior also properly found termination was in the best interests of S.P. *See Kent K.*, 210 Ariz. at 288 ¶ 41. Consistent with the evidence presented at the hearing, the court found S.P. was thriving in the care of her grandparents, a potentially adoptive placement where she had been for the majority of her life, and where she was placed with her siblings.